## RIDEOUT *v.* WOODS.

A note, dated September 13th, 1849, was as follows: "For value received, I promise to pay G. R., or order, twelve hundred dollars. Two hundred dollars in each year until said sum, and interest on same, is paid, with annual interest after 1st April next." It was *held* that, by the terms of the note, the sum of $200 was to be paid, annually, on the 16th day of September of each year, until the whole sum of the note, together with the annual interest thereon from and after April 1, 1850, should be paid.

An instalment of $200 was paid on said note September 12th, 1850. The sum of $200 was paid upon it March 20th, 1852, and also the further sum of $200 March 18th, 1853. The action was commenced April 4th, 1853. It was *held* · that the plaintiff was entitled to judgment for an amount equal to the amount of the interest of $200 from September 16th, 1851, to March 20th, 1852, and also of $200 from September 16th, 1852, to March 18th, 1853, and of the interest of said several amounts of interest from said 20th day of March, and said 18th day of March, respectively, to the date of its rendition.

ASSUMPSIT, for money had and received and for interest. The specification was for $200 as principal, and $184,54 as interest, on a note given by the defendant to the plaintiff.

The writ was dated April 4, 1853.

The following is a copy of the note above referred to, together with the indorsements thereon.

" Nashua, September 13, 1849. For value ·received, I promise to pay Gardner Rideout, or order, twelve hundred dollars. Two hundred dollars each year until said sum, and

interest on same, is paid, with annual interest after 1st April next.

$1,200,00. JONAS D. WOODS.

Attest: A. W. Sawyer.

September 12, 1850. Received two hundred dollars on within note. $200.

March 20, 1852. Received two hundred dollars. 200.

March 18, 1853. Received two hundred dollars.

The case was transferred, by agreement of the parties, for such judgment as in the opinion of this court the foregoing facts would warrant.

*A. W. Sawyer*, for the plaintiff.

*A. F. Stevens*, for the defendant.

WOODS, J. The general question arising in this case is as to the amount for which the plaintiff is entitled to judgment. It is claimed by him that there was due upon the note $200 of the principal, and $184,54 of the interest of the note at the time of the commencement of the action. The question to be decided is, whether that sum, or a smaller sum, was due and payable at that period. A proper solution of the question depends upon the true interpretation and meaning of the terms of the note. The note is susceptible of as many plausible constructions, as it is easy to imagine so brief an instrument to be, greatly limiting or enlarging the period within which the entire fulfilment of the contract is required, and materially varying the rights and liabilities of the parties, according as the one or the other of the many interpretations should prevail. We need not, however, go further with these suggestions as to the different constructions of which the note is susceptible, and the various results flowing therefrom, as affecting the rights of

the parties, but will proceed to state that which seems to us most reasonable, and in conformity with the probable intention of the parties.

The note in question was a note for $1200, carrying annual interest, as we conceive, from and after April 1, 1850. No interest accrued or was to become due upon it prior to that date, and according to our view of the proper interpretation of the note, the sum to be paid in each and every year was $200 only, and that sum was payable in each successive year, on the 16th day of September, and payment was to be made after that rate, until the entire sum of the note, and interest cast upon the principle of annual interest after April 1, 1850, should be paid. The note was payable to the order of the plaintiff, and each instalment being in the nature of a separate note, and payable, by the literal terms of the note, on the 13th day of September, was, in point of law, payable on that day, with the allowance of grace, which carried the legal time of payment to the 16th day of the same month. Such construction, we think, was obviously in accordance with the probable intention of the parties, as shown by the terms of the note, and by the results to which it would lead, clearly and plainly defining their rights and duties. " Two hundred dollars each year until said sum (of twelve hundred dollars,) and interest on the same, is paid," is language which, we think, plainly shows that sum to be all that was required to be paid in each year; while the language following it, viz. : " with annual interest after 1st April next," only indicates the principle according to which the interest was to be cast. The first instalment was paid before it was due, to wit, September 12th, 1850. It could avail the defendant, however, only as a payment of the instalment first due, and as a fulfilment of the contract so far. The fact that the payment was made and accepted prior to the time when it fell due, would entitle the defendant to no other or greater allowance, than

of the sum paid as of the time when it was required to be paid, by the terms of the note.

The second instalment of $200 fell due September 16th, 1851, and that sum was paid on the 20th day of March, 1852. The third instalment fell due on September 16th, 1852, and was, in fact, paid on the 18th day of March, 1853.

There was, then, no other instalment due at the date of the action, viz.: April 4, 1853. The plaintiff, then, is not entitled to recover any thing in this action, unless it be upon the ground that the two last instalments were not paid at the period when they severally became due. We think, however, that he is entitled to recover, in this action, interest upon the sum of two hundred dollars from September 16th, 1851, to March 20th, 1852, and interest from September 16th, 1852, to March 18th, 1853, upon the further sum of $200, which fell due September 16th, 1852.

Those sums were detained from the plaintiff during those several periods, although by the contract due and payable at the commencement of each of them, and interest was recoverable by reason of that detention.

The result will be same, if the sums paid be regarded as applied first in discharge of the interest due and payable at the date of the several payments, and the balance as applied in payment of the principal, so far as it may go, leaving a balance of the principal of the instalments due. This, perhaps, is the strictly legal view, but the result is not thereby varied.

The plaintiff is, also, entitled to recover interest upon the interest of those two sums, respectively, or upon the balance of the two instalments respectively remaining due, (if that view be taken of the effect of the payments,) from March 20th, 1852, and March 18th, 1853, by reason of its detention since those periods.

It is true, that when those sums are collected, the same must be taken into consideration, and allowed in part of the entire sum of the note, when the same shall be fully ad-

justed and paid. But still the plaintiff is entitled to have the full amount of the several instalments paid at the times stipulated, and to be advanced in satisfaction of the note, as fast as such a mode of payment will do it. And if the instalments be not severally paid when due, the plaintiff will be entitled to recover the amount of any which the defendant shall so fail to pay, and interest thereon, after due, until paid. Let judgment be entered for the plaintiff according to the foregoing principles.

*Judgment for the plaintiff.*